

ORIGINAL

Jacobo Wong
1707 W. Malvern Avenue #4
Fullerton, CA 92833
(714) 561-0376
No Fax
No Email
In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*IFP Submitted*

Edwin Ray Geiger & Mary Louis Geiger, Trustees of the Geiger Family Trust

        PLAINTIFF,

        VS.

Bobby Ray Palacios DOES 1 to 5

        DEFENDANT,

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:
*8.25cv-01277-FWS-ADS*

**NOTICE OF REMOVAL UNDER**
[28 USC 1332, 1391, 1441, 1446 (6)]
Calif. CCP 430.90]

**From The SUPERIOR COURT OF CALIFORNIA**
Case No. 30-2025-01454664-CL-UD-CJC

By Fax

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, Jacobo Wong is a party in a California State Court filed in ORANGE County Superior Court, concerning real property located at 1707 W. Malvern Avenue #4, Fullerton, CA 92833 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

COMPLAINT REMOVING TO FEDERAL COURT- 1

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

> Steven D. Silverstein #86466
> 14531 Red Hill Ave., Suite G
> Tustin, CA 92780
> (714) 832-3651

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

COMPLAINT REMOVING TO FEDERAL COURT- 2

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on more 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days 'notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fail to allege compliance with the PTFA, serving only a 3 day notice to quit. Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least were the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const.*

*Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior , and misnumbered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if

(1)   the federal issues are essential to the claims,

(2)   there is a substantial federal issue in resolving such issues, and

(3)   a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to

1  the "rights creating" language and statutory structure within
2  which it is contained. *Lamie v. United States Trustee* 540 US 526, 534
3  (2004). The Court must assume that Congress did not intend to
4  create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224
5  F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

6  12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:
7       a. Defendant Jacobo Wong is a member of a protected class
8       for whom the statue, the "Protecting Tenants at Foreclosure
9       Act" was created.

10      b. The rights-creating language of the PTFA, its context,
11      and the legislative history. *Opera Plaza Residential Parcel Homeowners*
12      *Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are
13      underscored by i. The language of the PTFA, particularly
14      702(a), ii. The lack of any other specified enforcement
15      mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123
16      (200, 9th Cir.); *Williams v. United Airlines, Inc 500* Fed 3d, 1019,
17      1024 (9th, 2007)], and iii. The legislative history.
18      c. The cause of action is consistent with the underlying
19      purpose of the law: balancing the rights of the parties.
20      d. The "traditional status" of evictions as a state cause
21      of action is the weakest of the criteria [*First Pacific Bancorp, Inc.*
22      *v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)],
23      particularly intended to occupy the filed and break
24      tradition, with a bold new law intended to protect tenants
25      whose landlords did not use the rent money to pay the
26      mortgage, in a distressed economy, under the Supremacy
27      Clause.

28  13. The PTFA is not a defense, but the entire basis for the

1  action to eject a bona fide residential tenant of a foreclosed
2  landlord. Even without any defense of the PTFA being raised,
3  Plaintiff cannot state a cause of action to remove such a tenant
4  without framing the prima facie case in the language of the
5  PTFA. The notice purports to comply with the PTFA, and without
6  the reference to the 90-day notice required by the PTFA,
7  Plaintiff would be unable to evict any such tenant.
8  14. The federal cause of action in ejectment is the basis for
9  this action, irrespective of artful pleading, such that action
10  could have been brought in Federal District Court.

11  **Removed Action**

12  15. The notice of removal is timely under Section 1446 (b) of
13  Title 28 of the United States Code because it is filed within 30
14  days of discovering that the case was ripe for removal.
15  16. A true and correct copy of the State Court Complaint of the
16  action, Defendant's Pre-Judgment Claim of Right to Possession
17  and related documents, sought to be removed to this Court are
18  attached hereto and incorporated herein by reference.
19  17. Defendant, Jacobo Wong is bona fide residential tenant of a
20  foreclosed landlord, entitled to the protection of the PTFA, and
21  entitled to remove this action to Federal Court.
22  18. Under California code of Civil Procedure 430.90, the state
23  trial court hereby loses jurisdiction under the Federal Rules of
24  Civil Procedure and does not recover jurisdiction, if at all,
25  until and unless this action is remanded to the state Court,
26  after which jurisdiction will again attach as described in that
27  statue.

28

Date: 06/13/2025

Jacobo Wong, In Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

30-2025-01454664-CL-UD-CJC - ROA #2 - DAVID H. YAMASAKI, Clerk of the Court By Gary Garrick, Deputy Clerk.

Case 8:25-cv-01277-JWH-ADS - Document 1 - Filed 06/12/25 - Page 9 of 12 - Page ID #:9

Electronically Filed by Superior Court of California, County of Orange, 06/10/2025 04:22:13 AM.

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Steven D. Silverstein #86466
FIRM NAME: Steven D. Silverstein
STREET ADDRESS: 14351 Red Hill Ave., Suite G
CITY: Tustin                STATE: CA  ZIP CODE: 92780
TELEPHONE NO.: (714) 832-3651    FAX NO.: (714) 832-7781
EMAIL ADDRESS: evictions@stevendsilverstein.com
ATTORNEY FOR (name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Edwin Ray Geiger & Mary Louis Geiger, Trustees Of The Geiger Family Trust
DEFENDANT: Bobby Ray Palacios
[X] DOES 1 TO   5

**C61**

| COMPLAINT—UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [X] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number): | 30-2025-01454664-CL-UD-CJC |

Jurisdiction *(check all that apply)*:
[X] ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded   [X] does not exceed $10,000
                  [ ] exceeds $10,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:
    [ ] from unlawful detainer to general unlimited civil (possession not in issue).    [ ] from limited to unlimited.
    [ ] from unlawful detainer to general limited civil (possession not in issue).    [ ] from unlimited to limited.

1. *PLAINTIFF (name each):*
   Edwin Ray Geiger & Mary Louis Geiger, Trustees Of The Geiger Family Trust

   alleges causes of action against *DEFENDANT (name each):*
   Bobby Ray Palacios

2. a. Plaintiff is  (1) [ ] an individual over the age of 18 years.    (4) [ ] a partnership.
                     (2) [ ] a public agency.                          (5) [ ] a corporation.
                     (3) [X] other *(specify):* Trustee Of The Trust

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
      1707 W. Malvern Avenue #4
      Fullerton CA 92833
      Orange
   b. The premises in 3a are *(check one)*
      (1) [X] within the city limits of *(name of city):* Fullerton
      (2) [ ] within the unincorporated area of *(name of county):*
   c. The premises in 3a were constructed in *(approximate year):*   1965

4. Plaintiff's interest in the premises is    [X] as owner   [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. January 1, 2024]

**COMPLAINT — UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

[ ] CEB | Essential
ceb.com | Forms

SPECTRUM REAL ESTATE SERVICE

**UD-100**

| PLAINTIFF: Edwin Ray Geiger & Mary Louis Geiger, Trustees Of The Geiger<br>DEFENDANT: Bobby Ray Palacios | CASE NUMBER: |
|---|---|

6. a. On or about (date): 07/11/2020
   defendant (name each):
   Bobby Ray Palacios

   (1) agreed to rent the premises as a ☐ month-to-month tenancy  ☒ other tenancy (specify): 6 month lease
   (2) agreed to pay rent of $ 1,500.00 payable ☒ monthly  ☐ other (specify frequency):
   (3) agreed to pay rent on the ☒ first of the month  ☐ other day (specify):
   b. This ☒ written ☐ oral agreement was made with
   (1) ☐ plaintiff.  (3) ☐ plaintiff's predecessor in interest.
   (2) ☒ plaintiff's agent.  (4) ☐ Other (specify):
   c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ Other (specify):
   d. ☒ The agreement was later changed as follows (specify):
   Upon expiration of the lease, tenancy became month to month. The last rent increase was to $1,850.00 per month beginning 12/01/2023.
   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☒ (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
   a. ☐ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify):
   b. ☒ is subject to the Tenant Protection Act of 2019.

8. (Complete only if item 7b is checked. Check all applicable boxes.)
   a. ☒ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
   (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
   (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to (name each defendant and amount given to each):

   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant (name each): Bobby Ray Palacios

   was served the following notice on the same date and in the same manner:
   (1) ☒ 3-day notice to pay rent or quit  (5) ☐ 3-day notice to perform covenants or quit (not applicable if item 7b checked)
   (2) ☐ 30-day notice to quit  (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
   (3) ☐ 60-day notice to quit  Prior required notice to perform covenants served (date):
   (4) ☐ 3-day notice to quit  (7) ☐ Other (specify):

**UD-100**

| PLAINTIFF: Edwin Ray Geiger & Mary Louis Geiger, Trustees Of The Geiger<br>DEFENDANT: Bobby Ray Palacios | CASE NUMBER: |
|---|---|

9. b. (1) On *(date):* **01/10/2025**      the period stated in the notice checked in 9a expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. [X] The notice included an election of forfeiture.
  e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
  f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) [X] By personally handing a copy to defendant on *(date):*   **01/07/2025**
    (2) [ ] By leaving a copy with *(name or description):*
      a person of suitable age and discretion, on *(date):*      at defendant's
      [ ] residence    [ ] business    AND mailing a copy to defendant at defendant's place of residence
      on *(date):*      because defendant cannot be found at defendant's residence or usual place of business.
    (3) [ ] By posting a copy on the premises on *(date):*
      [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
      on *(date):*
      (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
      (b) [ ] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
  b. [ ] *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
  d. [X] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

12. [X] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $     **5,550.00**

13. [X] The fair rental value of the premises is $     **61.67** per day.

14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [X] A written agreement between the parties provides for attorney fees.

16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      Plaintiff has met all applicable requirements of the ordinances.

17. [ ] Other allegations are stated in Attachment 17.

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

CEB® Essential Forms®
ceb.com

SPECTRUM REAL ESTATE SERVICE

**UD-100**

| PLAINTIFF: Edwin Ray Geiger & Mary Louis Geiger, Trustees Of The Geiger<br>DEFENDANT: Bobby Ray Palacios | CASE NUMBER: |
|---|---|

**19. PLAINTIFF REQUESTS**
a. possession of the premises.
b. costs incurred in this proceeding:
c. [X] past-due rent of $    5,550.00
d. [X] reasonable attorney fees.
e. [X] forfeiture of the agreement.

f. [ ] damages in the amount of waived rent or relocation assistance
    as stated in item 8: $
g. [X] damages at the rate stated in item 13 from
    *date:* 02/01/2025
    for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [ ] other *(specify):*

20. [X] Number of pages attached *(specify):*  8

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

21. [X] *(Complete in all cases.)* An unlawful detainer assistant     [X] did not    [ ] did
for compensation give advice or assistance with this form. (*If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.*)

a. Assistant's name:
b. Street address, city, and zip code:

c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date):*

Date: 01/16/2025

Steven D. Silverstein
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

(TYPE OR PRINT NAME)                 (SIGNATURE OF PLAINTIFF)

CEB® Essential
ceb.com [c]Forms®

SPECTRUM REAL ESTATE SERVICE